Timothy S. Trecek
Laurence J. Fehring
HABUSH HABUSH & ROTTIER SC
777 E Wisconsin Ave - Ste 2300
Milwaukee, WI 53202-5381
Telephone: 414-271-0900
Facsimile: 414-271-6854
Ttrecek@habush.Com
Lfehring@habush.com

Wendy R. Fleishman
Daniel R. Leathers
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
wfleishman@lchb.com
dleathers@lchb.com

*Attorneys for Plaintiffs STEVEN HALPIN and JOANNE L. HALPIN*

Melissa Westfall
Liberty Mutual Insurance
Commercial Insurance Claims
WC Loss Recovery Unit
Telephone: 800.291.2910
Facsimile: 603.422.6013
melissa.westfall@libertymutual.com

*Senior Technical Claims Specialist Liberty Mutual Insurance*

David B. Carr
GONZALEZ SAGGIO & HARLAN LLP
111 E Wisconsin Ave - Ste 1000
Milwaukee, WI 53202
414-277-8500
Fax: 414-277-8521
david_carr@gshllp.com

Murray S. Levin
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: 215.981.4000
Facsimile: 215.981.4750
levinm@pepperlaw.com

*Attorneys for Defendants MEDTRONIC, Inc., and MEDTRONIC SOFAMOR DANEK, USA*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN GILLIAME and BARBARA J. GILLIAME, <br><br> Plaintiffs, | Case 2:13-CV-00722-LA |

1

1207720.3

| |
|---|
| v. |
| MEDTRONIC, INC. and<br>MEDTRONIC SOFAMOR DANEK, USA, INC., |
|         Defendants. |

**UNCONTESTED MOTION FOR ENTRY OF ORDER ON CONFIDENTIALITY/SEALING OF THE SETTLEMENT SUM AND WISCONSIN WORKERS COMPENSATION LIEN COMPROMISE IN THIS MATTER PURSUANT TO E.D. WIS. GENERAL L.R. 79(D)**

NOW COME Plaintiffs STEVEN GILLIAME and BARBARA J. GILLIAME, by and through their attorneys, and with the consent and support of all parties, and move the Court for the entry of an Order in the form attached hereto regarding the confidentiality of the disclosure of the settlement sum and Wisconsin Workers Compensation lien compromise in this matter, pursuant to E.D. Wis. General L.R. 79(d).

Good cause exists for sealing the settlement amount and Wisconsin Workers Compensation lien compromise in this matter pursuant to E.D. Wis. General L.R. 79(d)(4) because the settlement sum of this matter would never be part of any public record if not for the fact that Plaintiff Steven Gilliame received Wisconsin Workers Compensation. Pursuant to Wis. Stat. §102.29(1)(d), the parties here may not settle Mr. Gilliame's claim without simultaneously settling the Wisconsin Workers Compensation lien. *See* Wis. Stat. §102.29(1)(d) ("A settlement of a 3rd-party claim **shall be void** unless the settlement and the distribution of the proceeds of the settlement are approved by the court before whom the action is pending.") (emphasis added).

The Wisconsin Workers Compensation lien settlement, in turn, involves a mathematical formula by which any person with access to public court records could ascertain the settlement sum of this action. *See* Wis. Stat. §102.29(1)(b)(1) (proving the requisite formula).

Confidentiality of the settlement sum of this matter remains of great importance to (**and is a condition of**) the final settlement of this matter. This court values the finality and quick resolution of matters through settlement and has sealed settlement sums from public records as a result. *See, e.g.*, *Ratajczak v. Beazley Solutions Ltd.,* 2013 U.S. Dist. LEXIS 180988 (E.D. Wis. Dec. 23, 2013) (To deny sealing settlement-related documents would "unnecessarily make the allegations public [and it] would discourage similar settlements in the future. Settlements serve the public interest by avoiding the costs of litigation.").

Therefore, in order to ensure that this settlement remains confidential and valid, all of the parties in this action consent to the entry of the attached Order of confidentiality.

Upon entry of the attached Order of confidentiality, the parties will submit, under seal, an agreed motion for approval of Wisconsin Workers Compensation settlement, requesting that this Court approve the Wisconsin Workers Compensation lien compromise and dismiss this case *with prejudice* pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

Dated: January 9, 2015.

\_/s\_ Timothy S. Trecek_____
Timothy S. Trecek
Laurence J. Fehring
HABUSH HABUSH & ROTTIER SC
777 E Wisconsin Ave - Ste 2300
Milwaukee, WI  53202-5381
Telephone:  414-271-0900
Facsimile:  414-271-6854
Ttrecek@habush.Com
Lfehring@habush.com

Wendy R. Fleishman
Daniel R. Leathers
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592
wfleishman@lchb.com
dleathers@lchb.com

*Attorneys for Plaintiffs STEVEN GILLIAME and BARBARA J. GILLIAME*

\_/s\_ David B Carr _____
David B. Carr
GONZALEZ SAGGIO & HARLAN LLP
111 E Wisconsin Ave - Ste 1000
Milwaukee, WI 53202
414-277-8500
Fax: 414-277-8521
david_carr@gshllp.com

Murray S. Levin
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia,  PA  19103
Telephone:  215.981.4000
Facsimile:   215.981.4750
levinm@pepperlaw.com

*Attorneys for Defendants MEDTRONIC, Inc., and MEDTRONIC SOFAMOR DANEK, USA*

\_/s\_ Melissa Westfall_____
Melissa Westfall
Liberty Mutual Insurance
Commercial Insurance Claims
WC Loss Recovery Unit
Telephone: 800.291.2910
Facsimile: 603.422.6013
melissa.westfall@libertymutual.com

*Senior Technical Claims Specialist Liberty Mutual Insurance*

- 4 -

1207720.3

Case 2:13-cv-00722-LA   Filed 01/09/15   Page 4 of 5   Document 22

| | |
|---|---|
| STEVEN GILLIAME and<br>BARBARA J. GILLIAME,<br><br>        Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC. and<br>MEDTRONIC SOFAMOR DANEK, USA,<br>INC.,<br><br>        Defendants. | Case 2:13-CV-00722-LA |

**ORDER ON CONFIDENTIALITY/SEALING OF THE DISCLOSURE OF THE SETTLEMENT SUM AND WISCONSIN WORKERS COMPENSATION LIEN COMPROMISE IN THIS MATTER**

Upon the Uncontested Motion of Plaintiffs STEVEN GILLIAME and BARBARA J. GILLIAME, by and through their attorneys, and with the consent and support of all parties, filed herein,

IT IS HEREBY ORDERED that Plaintiffs' motion for approval of Wisconsin Workers Compensation settlement and all Court orders that mention any monetary values stemming from the same shall be sealed and kept from the public record pursuant to E.D. Wis. General L.R. 79(d)(4).

Dated this \_\_\_\_ day of _____, 20_____.

                                                BY THE COURT

                                                _____

                                                The Honorable Lynn Adelman
                                                United States District Court